UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL BAIR,<br><br>        *Plaintiff*,<br><br>v.<br><br>SNOHOMISH COUNTY, *et al.*,<br><br>        *Defendants*. | CASE NO. 2:19-cv-00998-BJR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DETERMINATION OF SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSION |

## I.   INTRODUCTION

Before the Court is Plaintiff's Motion for Determination of Sufficiency of Answers to Requests for Admission. Dkt. No. 48. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny the motion. The Court's reasoning follows.

## II.   BACKGROUND

This case involves Plaintiff's allegations that she was physically assaulted while in custody at the Snohomish County Jail in July of 2017. *See generally* Dkt. No. 28 (Second Amended Complaint). She claims that upon arrival for booking at the County Jail, the jail staff slammed her

1

against a wall, took her to the ground, and assaulted her causing injury which they failed to properly treat. *Id.* at ¶¶ 16–30.

On April 10, 2020, Plaintiff served Defendant Snohomish County with her first set of requests for admission. Dkt. No. 48 at 2. The request included Request for Admission 1 ("Request #1"), which reads:

> Admit that physically injured inmates must be examined and treated by medical staff while at the Snohomish County Jail.

Dkt. No. 49-1 at 3.

The County answered on May 7, 2020, including general objections and a specific objection to Request #1 that it was "vague and ambiguous, as it is subject to multiple interpretations." *Id.* at 8. Still, the County provided the following response.

> Without waiving objection, Defendant admits that a severely injured inmate must be examined by medical staff while at the Snohomish County Jail. Defendant conditions this response upon the severity of the injury and the risk of substantial harm posed by the injury. Additionally, any inmate who asks for medical treatment or discloses an injury at booking will be seen. Inmates have the right to refuse medical treatment and medical personnel cannot treat conditions about which they do not have knowledge. Treatment of an injury will thus depend on the nature and severity of the injury, whether the injury is observable, and what information the inmate chooses to disclose.

*Id.*

### III.   DISCUSSION

Federal Rule of Civil Procedure 36 governs requests for admissions and dictates that parties may serve such requests to admit "the truth of any matters . . . relating to facts, the application of law to fact, or opinions about either." FED. R. CIV. P. 36(a)(1); *see also Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1244 n.2 (9th Cir. 1981). In response, the answering party must either admit the request, deny it, "or state in detail why the answering party cannot truthfully admit or

2

deny it." *Id.* at 36(a)(4). If the answering party must in good faith qualify an admission or deny only part of the request, "the answer must specify the part admitted and qualify or deny the rest." *Id.*

Requests for admission are not intended obtain discovery, but, instead to "narrow the issues for trial." *Choquette v. Warner*, No. 15-cv-05838, 2017 WL 2671263, at *1 (W.D. Wash. June 21, 2017) (citing *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.D. Cal. 1998)). The goal of admissions is to "expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Id.* (quoting *Asea*, 669 F.2d at 1245); *see also Shapiro v. Am.'s Credit Union*, No. 12-cv-5237, 2012 WL 5410660, at *2 (W.D. Wash. Nov. 6, 2012); *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, No. 06-cv-1750, 2012 WL 1533887, at *8 (W.D. Wash. May 1, 2012).

Plaintiff claims that the County's response to Request #1 is insufficient as it improperly limits its answer to severe injuries, "rather than detainees showcasing any visible physical injuries," as requested. Dkt. No. 48 at 3; *see also id.* at 5; Dkt. No. 52. Plaintiff requests that the Court either deem the subject matter of Request #1 admitted or order the County to amend its response. Dkt. No. 48 at 5. The County responds that it "admitted what portion of the request it could and provided additional information above and beyond the scope of the request." Dkt. No. 50 at 1. It claims that if Plaintiff sees the response as insufficient, her remedy is to pose a new and more specific request for admission. *Id.*; *see also id.* at 6.

Properly read, the County's response is an admission that some injuries will warrant examination by medical personnel, and others will not, based on qualifications regarding the nature and severity of the injury as well as the inmate's denial of treatment or the jail's knowledge of the

3

injury. This is neither a refusal to answer the request nor an inappropriate qualification under the circumstances. As such, The Court finds that the County has properly answered Plaintiff's request as written and will deny her motion. If Plaintiff wishes further clarification as to the County's policies regarding medical treatment, she may propound additional requests for admission or discovery, which the County has indicated it would answer. *See* Dkt. No. 50 at 3.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Determination of Sufficiency of Answers to Requests for Admission. Dkt. No. 48.

DATED this 1st day of June, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE