Hon. Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL BAIR, an individual,<br><br>                    Plaintiff,<br><br><br>         vs.<br><br>SNOHOMISH COUNTY, OLYNTIA SEWELL, JODI L. MARTIN, TAYLOR M. JONES, ROBERT OGAWA, SCOTT P. LEWIS, SCOTT J. WARNKEN, CHICARA CHESNEY, HAMADI SISAWO, DOES I-X,<br><br>                    Defendants. | No.  C19-998-BJR<br><br>SNOHOMISH COUNTY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 23, 2020** |

## <u>INTRODUCTION AND RELIEF REQUESTED</u>

Defendants Snohomish County, Olyntia Sewell, Jodi L. Martin, Taylor M. Jones, Robert Ogawa, Scott P. Lewis, Scott J. Warnken, and Chicara Chesney (hereinafter "Snohomish County Defendants") move for partial summary judgment on a number of Plaintiff's claims.  Specifically, Snohomish County Defendants move to dismiss Plaintiff Cheryl Bair's claims against Defendants Snohomish County Jail Booking Support Officer Jodi Martin and former Corrections Deputy Olyntia Sewell.  Snohomish County Defendants

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

also move for summary dismissal of Plaintiff's deliberate indifference claims, ADA claim, equal protection claim, and state law claim of negligence.

Regarding the dismissal of individual defendants, Plaintiff Cheryl Bair claims that in the process of being booked into the Snohomish County Jail on July 14, 2017, Snohomish County Corrections employees used excessive force against her, taking her to the ground and causing her injuries.  The arresting officer reported that Plaintiff tried to kick someone before she was taken to the ground.  No one who was working at the Jail at the time of the incident wrote a use of force report regarding the incident. Plaintiff named as individual defendants all corrections deputies and one booking support officer who were working in the Booking Unit of the Jail at the time of the incident, as well as Deputy Olyntia Sewell, who later participated in fingerprinting Plaintiff. At her deposition, Plaintiff indicated that Defendant Jodi Martin was not involved in taking her to the ground.  And Deputy Sewell was not actually working during the time of the incident.  While defendants concede that there is a factual issue which precludes summary judgment as to the excessive use of force claim with regards to defendants Jones, Ogawa, Lewis, and Warnken, and by extension Snohomish County,[1] there is no factual basis for an excessive use of force claim, or indeed any of Plaintiff's claims, to proceed again Defendants Martin and Sewell.  As Plaintiff cannot meet her burden of proof as to these two defendants, they should be dismissed from this lawsuit.

Plaintiff also brings a number of other claims for which she cannot meet her burden of proof, or are futile as a matter of law.  Specifically, Plaintiff asserts a claim of deliberate

---

[1] Plaintiff also indicated at her deposition that Deputy Chesney was not involved, and Plaintiff's counsel has agreed to dismiss her from these proceedings, but at the time of the filing of this motion, the stipulation and order have not yet been filed.

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 2
(C19-998-BJR)

Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

indifference against the individually named defendant corrections deputies, but admits that she did not tell any of them that she was injured; Plaintiff cannot meet her burden of proof as to the individually named defendants regarding a claim of deliberate indifference.  Plaintiff similarly cannot demonstrate *Monell* liability as to her deliberate indifference claims.  Plaintiff also asserts an ADA claim, but Plaintiff's claim fails, as there is insufficient evidence to demonstrate that Plaintiff was discriminated against based on a disability or that the way Plaintiff was treated in the Jail rose to the level of deliberate indifference, which is necessary to support an ADA claim for compensatory damages.  Plaintiff also asserts an equal protection claim, but Plaintiff cannot establish that she was treated differently than any other inmate based on her membership in a protected class. Plaintiff additionally asserts a state law claim of negligence, but Plaintiff has failed to comply with the claim filing statute in that she did not file a claim for damages *before* the commencement of this action, and thus her claim is procedurally deficient.  This motion seeks to have these claims summarily dismissed, thus narrowing the remaining claims for trial.

## **FACTS**

On July 14, 2017, Ms. Bair was driving a Mini Cooper on I-5 in stop-and-go traffic when she rear-ended the driver in front of her.  Dkt. 28 at 4; Bosch Decl., Ex. A (Deposition and Report of Trooper Collier).  The force of the impact was sufficiently great to cause the airbags in the Mini Cooper to deploy.  *Id.* at RFP5000050.  The driver of the vehicle she hit called 911 and two Washington State Patrol Troopers responded to the scene.  *Id.*  When Washington State Patrol Trooper Willard Collier arrived and interacted with Ms. Bair, he perceived her as being under the influence of a controlled substance, as she was talkative but

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 3
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

with a lethargic manner and occasionally slurred speech; she also had droopy, red eyes. Bosch Decl., Ex. A, at 10-11.  Ms. Bair submitted to a breathalyzer, which registered "0." Trooper Collier asked her to engage in other field sobriety tests, which she failed.  *Id.* at 12-15. Trooper Collier placed her under arrest for driving under the influence, placed her in handcuffs behind her back and placed her in the back of his patrol vehicle.  *Id.*  Trooper Collier obtained a telephonic warrant to test her blood for substances which would impair her ability to drive and took her to Providence Regional Medical Center in Everett so she could be cleared to book into the Snohomish County Jail.  *Id.* at RFP5000050.  Subsequent to a search incident to arrest, the trooper found two prescription medication bottles on Ms. Bair's person. One of the prescriptions was for Clonazepam, which is a type of benzodiazepine.  *Id.* While the prescription had been written the day before, more than a third of the pills were missing from the bottle, far more than what had been prescribed.  *Id.*  At her deposition, Ms. Bair denied that she had consumed more than the prescribed amount, but did admit that she had mixed for medication with other medications she was already taking, which caused her to become impaired.  Bosch Decl., Ex. B, 13:14 – 14:10; 26:16 – 27:1; 38:3-20.

While at the hospital, Ms. Bair declined examination or treatment by the doctor.  As Ms. Bair did not appear to be in any apparent distress, the doctor cleared her as medically fit to be booked into the jail.  Bosch Decl., Ex. B, 28:3-25.  While at the hospital, Ms. Bair's mood was volatile; she was cursing and yelling.  Bosch Decl., Ex. A, 20:15-19.  Following the blood draw, Trooper Collier transported her to the Jail.  *Id.*  Ms. Bair testified at her deposition that she did not recall any part of the transport between the hospital and the Jail. Bosch Decl., Ex. B, 32:10-14.

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 4
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Trooper Collier's CAD report indicates he arrived at the Jail at some time after 8:10 p.m., which is during swing shift at the Jail.  Bosch Decl., Ex. A, at 32 - 33; *see also* Sewell Decl., ¶ 2; Hall Decl., ¶ 3.  Trooper Collier noted in his report that as she was being booked into the Jail, Ms. Bair attempted to kick someone and was "wrestled to the ground."  Bosch Decl., Ex. A, at 25.  To the extent a use of force occurred, none of the corrections deputies on shift authored a report documenting what occurred.  Hall Decl., ¶ 4.  However, the Central Control Logs indicate that there was a "combative in booking" a few minutes after Trooper Collier's arrival with Ms. Bair.  Bosch Decl., Ex. F.

Ms. Bair claims that when she entered the Jail, she was immediately told to get on the ground; that the individually named defendants pushed her into a wall and then took her to the ground, causing her injuries.  Dkt. 28, at 5.  However, Defendant Olyntia Sewell was not present at the Jail during the incident, as she was working graveyard shift and not swing shift. Sewell Decl., ¶ 2-3.  Defendant Jodi Martin, who is a Booking Support Officer, was present, but as a Booking Support Officer, Ms. Martin has never had any direct physical contact with inmates.  Martin Decl., ¶ 2.  Instead, BSOs process paperwork of incoming inmates and help inventory their property, which is brought to the BSOs by a corrections deputy. *Id.* At her deposition, when showed a picture of Jodi Martin, Ms. Bair testified that Ms. Martin was not involved in the alleged incident.  Bosch Decl., Ex. B, 47:17-24.

Following the alleged use of force incident, Ms. Bair made suicidal statements, which resulted in her being placed on a suicide watch.  Bosch Decl., Ex. G; Hall Decl., ¶ 7.  While an inmate is on a suicide watch, corrections deputies conduct welfare checks of the inmate approximately every ten minutes, and record their observations in a log.  Hall Decl., ¶ 5-7.

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Ms. Bair's logs verify that from 10:12 p.m. on July 14, 2017 to 8:26 a.m. on July 15, 2017, she was checked on approximately every ten minutes. Hall Decl., ¶ 7. Inmates on suicide watch are given a safety smock, which covers their body from shoulder to shin, and a blanket, with which they can cover their whole bodies. *See* Hall Decl., ¶ 5. Ms. Bair was also placed on a withdrawal watch, where she was checked on by a corrections deputy approximately every half hour to hour from 10:00 p.m. on July 14, 2017 to 9:00 p.m. on July 16, 2017. Hall Decl., ¶ 8.

Ms. Bair remained at the Jail for two more days, until July 16, 2017. Bosch Decl., Ex. E. Ms. Bair was seen multiple times over the course of her incarceration by Nurse Hamadi Sisawo; she did not complain of injuries to Nurse Sisawo beyond a cut on her wrist and general body aches. Bosch Decl., Ex. H.[2] The Jail has policies and procedures governing the medical care of inmates and the manner in which welfare checks are to be conducted; copies of these polices and procedures were produced to Plaintiff during discovery in this case. *Id.* at ¶ 6; *see also* Hall Decl., ¶4-5.

Ms. Bair was also seen by MHP Jason Burns on July 15, 2017. She did not complain of her injuries to MHP Burns, but instead informed him "I'm not suicidal, that's a bunch of bullshit. I didn't do anything wrong and I shouldn't be here. This jail sucks and is full of shit, I used to work at a jail so I know how things are supposed to go." Bosch Decl., Ex. H When she inquired about her medications, MHP Burns informed her that an attempt to verify her medications would be made and if possible she would be referred to a provider. Ms. Bair responded that she would not "be in Jail long enough for that to happen anyway, I'm going

---

[2] As Nurse Sisawo is separately represented, he will be bringing a separate motion for summary judgment.

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

to post bond and get the hell out of this shit hole."   Bosch Decl., Ex. H.   MHP Burns discontinued the suicide watch.  *Id.*

While Ms. Bair alleges in her Amended Complaint that she told multiple corrections deputies she was injured, at her deposition she admitted that was not the case:

```
25          But if I heard you correctly just now, it's your

 1          testimony that you did not tell the corrections
 2          deputies that you were injured; correct?
 3    A.    Correct.
```

Bosch Decl., Ex. B, 53:25 – 54:3.

Upon being released from the Jail on July 16, 2017, Ms. Bair went to the emergency room, where she was diagnosed with bruises on her arms and shoulders, lacerations on her wrist and legs, and broken ribs.  Bosch Decl., Ex. C.  Ms. Bair told emergency room personnel that the lacerations on her legs were unrelated.  *Id.*

### 1.  *Procedural Posture*

Plaintiff filed this lawsuit in Snohomish County Superior Court on June 7, 2019. Bosch Decl., ¶ 13.  In her initial Complaint, Plaintiff asserted federal claims of unreasonable use of force and deliberate indifference pursuant to § 1983; state law claims of assault and battery; and a claim of "Respondeat Superior – State of Washington."  Dkt. 4-2 at 5-8. Plaintiff did not first file a Claim for Damages with Snohomish County Risk Management at least sixty days in advance of filing her lawsuit, as is required prior to bringing suit against a government entity in order to assert a state law claim.  *See* RCW 4.96.010.

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 7
(C19-998-BJR)

Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Defendants removed the action to this Court on June 26, 2019, and received a letter to that effect from the Court on June 27, 2019.  *See* Dkt. 1-5.  Almost two months following the commencement of this action, on July 29, 2019, Plaintiff filed a Claim for Damage Form pursuant to Chapter 4.96 RCW with the Snohomish County Risk Management Division.  Bosch Decl., Ex. L.  On August 1, 2019, the undersigned counsel contacted Plaintiff's counsel regarding the Defendants' position that the state law claims of assault and battery included in the Complaint were deficient, and the undersigned thus wished to confer regarding bringing a motion to dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(6).  Bosch Decl., ¶ 15.  Because Plaintiff's Claim for Damages had not been filed at least sixty days before the commencement of the lawsuit, as is required by Chapter 4.96 RCW, the state law claims failed to state a claim upon which relief could be granted.  *Id.*  Plaintiff's counsel indicated he would amend the complaint.  *Id.*

 Plaintiff filed an Amended Complaint on August 6, 2019.  Dkt. 11.  The Amended Complaint did not include any state law claims.  *Id.*  Defendants timely filed their Answer on August 20, 2019.  Dkt. 14.

After moving to modify the scheduling order, *see* Dkt. 17, Plaintiff's counsel sent the undersigned counsel a copy of the proposed Second Amended Complaint.  Bosch Decl., Ex. M.  The Second Amended Complaint included claims pursuant to § 1983 for unreasonable use of force and failure to provide medical treatment; a *Monell* claim against the County; a disability discrimination claim against the County pursuant to the ADA; a claim pursuant to § 1983 for violation of the Equal Protection Clause; and a state law claim of negligence against all Defendants.  *See id.*  Counsel for both parties conferred but were unable to agree

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

regarding Plaintiff's inclusion of a state law claim of negligence, given the Defendants' position that the claim was deficient due to the fact that Plaintiff's Claim for Damages was filed *after* the lawsuit commenced. *See* Dkt. 23 and Bosch Decl., ¶ 17.

## ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.  The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden of persuasion at trial.  *Nissan Fire & Marine Ins. Co., Ltd. V. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden then shifts to the nonmoving party to establish a genuine issue of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The Court must draw all reasonable inferences in favor of the nonmoving party.  *Id.* at 585-87.  The opposing party must present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 9
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

**B. Plaintiff's Claims Against Defendants Sewell and Martin Should Be Dismissed.**

Defendants Olyntia Sewell and Jodi Martin did not commit any specific acts giving rise to a constitutional claim and therefore should be dismissed from this lawsuit.  In order to state a civil rights claim, a plaintiff must set forth the specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. §1983 solely on the basis of supervisory responsibility or position. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).  Rather, each defendant must have personally participated in the acts alleged. *Id.* Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

a.  *Corrections Deputy Olyntia Sewell*

Plaintiff alleges that Corrections Deputy Olyntia Swell used excessive force against her in taking her to the ground.  However, Deputy Sewell was not at the Jail on swing shift on July 14, 2017, which is when the alleged incident occurred.  Sewell Decl., at ¶ 2-3.  Deputy

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Sewell was in the process of training on the graveyard shift; she was at the jail from midnight to 8:00 a.m. on July 14 and July 15, 2017.  *Id.*  It appears Deputy Sewell participated in processing Ms. Bair for fingerprints on July 15 or 16, 2017.  Bosch Decl., Ex. I.  Deputy Sewell did recall Ms. Bair's face because Deputy Sewell wrote her up for a rule violation at a later date of incarceration in October 2017.  Sewell Decl., ¶ 4.  However, both Deputy Sewell's own recollection and her timesheets make clear that she was not present at the Jail at the time of the incident underlying Plaintiff's Amended Complaint.  Sewell Decl., ¶ 2-3. Deputy Sewell could not have personally participated in the use of force with Ms. Bair on July 14, 2017, and accordingly there is an insufficient factual basis for a claim of excessive use of force to proceed against her.  As Plaintiff cannot meet her burden of proof as to Deputy Sewell, the Court should dismiss Deputy Sewell from the suit, or at least the claim of excessive use of force against her.

        b.  *Booking Support Officer Jodi Martin*

Ms. Bair alleges in her Amended Complaint that Booking Support Officer Jodi Martin used excessive force against her.  However, at Ms. Bair's deposition, when shown a picture of Ms. Martin, Ms. Bair stated that Ms. Martin was not involved in the use of force:

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 11
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Q.  BY MS. BOSCH:  Cheryl, do you recognize this person?

I'm showing you what's been marked as Exhibit No. 17.

A.  Yes.

Q.  Who is this person?

A.  She's one of the female guards.

Q.  And did she play any role in the incident that you've

alleged?

A.  No.

Bosch Decl., Ex. B, 47:17-24.  While Ms. Martin is not a corrections deputy, Ms. Bair's own testimony upon seeing a picture of Booking Support Officer Martin is that Booking Support Officer Martin did not participate in the incident giving rise to her excessive use of force claim.  Furthermore, as a Booking Support Officer, BSO has never had physical contact with an inmate, as that is not part of her duties.  Martin Decl., ¶ 2-3.  As there is not a sufficient factual basis to support a claim of excessive use of force against BSO Martin, and thus Plaintiff cannot meet her burden of proof, she too should be dismissed from this suit.

### C. Plaintiff Cannot Meet Her Burden of Proof as to Her Deliberate Indifference Claims, and Thus those Claims Should Be Dismissed.

#### 1. Individually named defendants

*Gordon v. County of Orange* established a new standard for cases of deliberate indifference to a detainee's right to adequate medical or mental health care.  *See Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018).  Under the rule set forth in *Gordon*, to establish a claim that the individually named Defendants violated the rights of Plaintiff, a pretrial detainee, Plaintiff must demonstrate that (i) the Defendants made an intentional

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 12
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

decision with respect to the conditions under which the Plaintiff was confined; (ii) those conditions put the Plaintiff at substantial risk of suffering serious harm; (iii) the Defendants did not take reasonable available measures to abate the risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the Defendants' conduct obvious; and (iv) by not taking such measures, the Defendants caused the Plaintiff's injuries. *Gordon*, 888 F.3d at 1125. Essentially, Plaintiff must prove "more than negligence but less than subjective intent – something akin to reckless disregard." *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). With respect to the third element, the Defendants' conduct must be "objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Gordon*, 888 F.3d at 1125 (quoting *Kingsley*, 135 S. Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff has failed to establish that any of the Defendants' conduct of which he complains rises to the level of a constitutional violation under the *Gordon* standard.

From her Second Amended Complaint, Plaintiff appears to be asserting a claim of deliberate indifference to her serious medical needs against all individually named Snohomish County Defendants. Specifically, Plaintiff alleges that officers Ogawa, Sewell, and Lewis participate in the special watch, but did not report Plaintiff's injuries to medical staff. Dkt. 28 at 6. Arguably, Plaintiff can meet the first element of the *Gordon* test as to these Defendants, as she can show they made an intentional decision with respect to the conditions under which Plaintiff was confined, since at least Ogawa and Lewis were present during the use of force incident and at least some of her subsequent incarceration. But

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Plaintiff cannot demonstrate the remainder of the elements as to any individually named defendant.  Plaintiff cannot and does not show that the medical treatment she received placed her at substantial risk of serious harm, or that the individually named defendants did not take sufficient measures to abate risk of harm.  This is because Plaintiff admitted at her deposition that she did not tell any of the individually named corrections deputies that she was injured.  Bosch Decl., Ex. B., 53:25 – 54:3.  And while Plaintiff alleges in her Amended Complaint that her injuries were ignored during welfare checks by staff, Plaintiff does not and cannot establish that Jail staff were aware of these injuries, given that she was given a blanket with which she could cover her whole body.   Additionally, during the three days of her incarceration, Plaintiff received a mental health evaluation and multiple checks from a Jail medical nurse, belying her assertion that she did not receive any medical attention.  Plaintiff is unable to demonstrate that a reasonable official in the position of the individually named corrections deputies would have engaged in different conduct, and she cannot show that the conduct of those defendants here caused her any injury.  The deliberate indifference claims against the individually named defendants should be dismissed.

> 2.  *Plaintiff cannot demonstrate any* Monell *liability related to her deliberate indifference claims and thus any deliberate indifference claim against the County should also be dismissed.*

Plaintiff has also asserted a § 1983 claim of deliberate indifference against Snohomish County under a *Monell* theory of municipal liability, which requires a plaintiff to show that a "policy or custom" led to the plaintiff's injury.  *Monell v. Department of Social Services*, 436 U.S. 658, 964 (1978).  In addition to the existence of the policy or custom, and a direct causal link between the policy or custom and the injury, plaintiff must

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 14
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

also show the policy or custom "reflects deliberate indifference to the constitutional rights of its inhabitants." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).  Plaintiff alleges in her Amended Complaint that the Jail did not have policies, and that it did not properly train its corrections deputies.  Dkt. 28 at 9-12.  However, Plaintiff is aware of the Jail's policies governing the medical care of inmates and the manner in which welfare checks are to be conducted; Plaintiff is also aware that corrections deputies are trained in how to conduct such checks.  *See* Hall Decl., ¶ 6.

Plaintiff has not provided evidence to show, or otherwise explained, the required "direct causal link" between the policies and Ms. Bair's injuries. *City of Canton*, 489 U.S. at 385.  Moreover, Plaintiff cannot explain how the policies and customs of the County are deliberately indifferent to the constitutional rights of the County's inhabitants.  The deliberate indifference analysis is in this case an objective, but nonetheless high, standard. *Castro*, 833 F.3d at 1076.  With regard to training, *Monell* liability only exists when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *Id.* (quoting *City of Canton*, 489 U.S. at 396).  Moreover, the need for notice is such that relevant policy or decision makers would know "the particular omission *is substantially certain to result in the violation of the constitutional rights* of their citizens…" *Id.* (emphasis added).  Plaintiff has alleged that the County lacks policies directing its jail staff to properly screen and treat detainees injured in

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 15
(C19-998-BJR)

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

their custody, but this is not the case.  Bosch Decl., Ex. D.[3]  Plaintiff has generally alleged a lack of policy and a failure to properly train but the evidence in this case has demonstrated to the contrary.  Additionally, if the Court finds that no individual County employee violated Ms. Bair's constitutional rights, Plaintiff cannot maintain a claim for municipal liability.  *See City of Los Angeles v. Heller*, 475 U.S. at 799 (if a plaintiff has suffered no constitutional injury at the hands of individual officials, the fact that departmental regulations might have authorized use of constitutionally excessive force is beside the point).  The claims of deliberate indifference against the County should be dismissed from the case.

### D.  Plaintiff's ADA Claim Should Be Dismissed.

Ms. Bair can establish neither that she was discriminated against on the basis of her disability nor that the conduct of Defendant Snohomish County rose to the level of deliberate indifference and thus she is unable to prevail on an ADA claim.  Title II of the ADA provides in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 6 42 U.S.C. § 12132. In order to establish a violation of Title II of the ADA, a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with respect to a public entity's provision of a service, program, or activity; and, (3) such exclusion or discrimination was by reason of

---

[3] The policies included in this exhibit are a selection of the policies provided to Plaintiff's counsel during the course of this litigation and do not comprise the entire universe of applicable policies.

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 16
(C19-998-BJR)

Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

his disability.  *See*, *e.g.*, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001).

To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant under a deliberate indifference standard. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139. An entity's failure to act "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.*

As discussed above, Ms. Bair cannot demonstrate that the conduct of the individually named defendants rose to the level of deliberate indifference.  Ms. Bair alleges that the discrimination she experienced was being overlooked for medical treatment, and that the cause of that discrimination was defendants' awareness of her mental disability.  However, Ms. Bair cannot demonstrate that any of the individually named corrections deputies had knowledge that she was a qualified individual with a mental disability.  But even more notably, Ms. Bair cannot show that any of the defendants actually overlooked her for medical treatment, as she admits she did not communicate to them that she was injured.  She thus cannot show that the defendants had knowledge that a "harm to [her] federally protected right is substantially likely." *Duvall*, 260 F..3d at 1139.  Accordingly, Ms. Bair is unable to meet her burden of proof as to her ADA claim against the County, as she cannot show that she was subject to intentional discrimination under a deliberate indifference standard.  Accordingly, Ms. Bair's ADA claim should also be dismissed.

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

**E.  Plaintiff's Equal Protection Claim Should Be Dismissed.**

Plaintiff has failed to show that any of the defendants discriminated against her during the short period of time that she was in the Jail because she is a member of a protected class; her equal protection claim should thus also be dismissed.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class).  The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (2982)).  To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239–40 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Freeman v. Arpaio*, 125 F.3d 732, 737 (1997).  "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original) (citation omitted).  To avoid summary judgment, Plaintiff must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that her treatment in the Jail was based on her mental disability.  *See*, *e.g.*, *Bingham v. City of Manhattan Beach*, 329 F.3d 723, 732 (9th Cir. 2003).  Courts have held that in order to present an equal protection claim, a prisoner must allege that her treatment is invidiously

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

discriminatory in comparison to that received by other inmates.  *See More v. Farrier*, F.2d 269, 271-72 (8th Cir.) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials), *cert. denied.*, 114 S. Ct. 74 (1993).

In her Amended Complaint, Plaintiff states she is a member of a protected class because of mental disability in the form of bipolar disorder.  Dkt. 28 at 12-13.  But beyond the bald assertions contained in her Amended Complaint about her lack of treatment at the Jail, which are belied by the available evidence, Plaintiff can point to no evidence that demonstrates that she was treated any differently than any other inmate at the Jail on the basis of her mental impairment. *See Sischo-Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 112 (9th Cir. 1991) (stating that discriminatory intent can sometimes be inferred by mere fact of different treatment).  While Plaintiff alleges that she "left the jail not once receiving any assessments following the assault" and that the reason for that was because of Plaintiff's mental disability, Dkt. 28 at 14, that assertion is contradicted by the available records and Ms. Bair's own testimony.  The evidence demonstrates that she did in fact receive multiple assessments from Jail employees following the incident over the course of two days of her incarceration – regular welfare checks by corrections deputies, a detailed mental health evaluation by mental health professional, and multiple checks by a nurse – and that these checks were no different than the treatment any other inmate would have received.  *See*, *e.g.*, Hall Decl.  Plaintiff has neither sufficiently alleged discriminatory intent, nor will she be able to demonstrate any factual underpinning for discriminatory intent.  Plaintiff's equal protection claim fails as a matter of law and must be dismissed.

//

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

**F.  Plaintiff's State Law Negligence Claim Should Be Dismissed, As Plaintiff Did Not Comply with Statutory Claim Filing Prerequisites.**

Ms. Bair did not file a Claim for Damages form with Snohomish County until *after* the commencement of this action, and thus because she did not comply with statutory claim filing procedures requiring the claim be filed at least sixty days *before* the commencement of the action, her state law claim of negligence should be dismissed.  The claim filing statute, Chapter 4.96 RCW, governs actions against political subdivisions, such as Snohomish County, and their agents or employees.  A claimant may bring an action against a government entity pursuant to the legislature's waiver of sovereign immunity.  RCW 4.96.010; *see also Woods v. Bailet*, 116 Wn. App. 658 (2003).

The waiver of sovereign immunity is conditional upon the filing of a properly executed claim for damages *prior* to the filing of a lawsuit. *See Woods*, 116 Wn. App. at 663.  The filing of a claim for damages is a statutory prerequisite to suit.  *See* RCW 4.96.010(1) (". . . Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages."); *Atkins v. Bremerton Sch. Dist.*, 393 F.Supp.2d 1065, 1067 (W.D. Wash. 2005).  Thus, pursuant to the terms of the statute, the Claim for Damages Form must be filed at least 60 days *before* the filing of the lawsuit.  *See* RCW 4.96.020(4) ("No action subject to the claim filing requirements . . . shall be commenced against any local government entity . . until sixty calendar days have elapsed *after the claim has first been presented* to the agent of the governing body thereof. . . .") (emphasis added).  The purpose of the claim-filing requirement is to protect government funds by allowing government entities time to investigate, evaluate, and settle claims *before* those entities are sued.  *Woods*, 116 Wn. App. 658.

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8ᵗʰ Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

1
2
3
4
5
6
7
8
9
10
11

While Chapter 4.96 RCW only requires substantial compliance with its procedural requirements, *see* RCW 4.96.020(5), filing a Claim for Damages form with the government entity more than a month *after* the lawsuit is filed, as Plaintiff did here, is not substantial compliance with the claim filing statute.  Allowing Plaintiff to operate in this way – file a lawsuit, *then* file a Claim for Damages, wait sixty days, and subsequently amend her complaint to include additional state law claims – subverts the legislative intent behind the claim filing statute: to give government entities the chance to evaluate and settle claims *before* having to engage in the time-consuming and expensive process of litigation.  Because Plaintiff did not file a Claim for Damages until *after* the lawsuit commenced, she is barred from presenting state-law claims in this lawsuit.

12

## **CONCLUSION**

13
14
15
16
17
18
19

For the foregoing reasons, Defendants Sewell and Martin should be dismissed; Ms. Bair's deliberate indifference claims against all individually named defendants should be dismissed; Ms. Bair's *Monell* claims as to deliberate indifference should be dismissed; Ms. Bair's ADA claim should be dismissed; Ms. Bair's equal protection claim should be dismissed; and Ms. Bair's state law claim of negligence should be dismissed as procedurally deficient.

20

//

21

//

22

//

23

//

24
25
26

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 21
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

DATED this 28th day of September, 2020.

ADAM CORNELL
Snohomish County Prosecuting Attorney

By:  _/s/ Katherine H. Bosch_
KATHERINE H. BOSCH, WSBA #43122
BRIDGET E. CASEY, WSBA #30459
Deputy Prosecuting Attorneys
Snohomish County Prosecutor's-Civil Division
3000 Rockefeller Avenue, M/S 504
Everett, WA  98201
Ph:  (425) 388-6330   /   Fax:  (425) 388-6333
kbosch@snoco.org
bridget.casey@co.snohomish.wa.us

*Attorney for Defendants Snohomish County, Olyntia Sewell, Jodi Martin, Taylor Jones, Robert Ogawa, Scott Lewis, Scott Warnkin, And Chicara Chesney*

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax:(425)388-6333

## **DECLARATION OF SERVICE**

I declare that I am an employee of the Civil Division of the Snohomish County Prosecuting Attorney, and that on the 28th day of September, 2020, I caused to be delivered the foregoing document on the following party by the methods indicated:

Darryl Parker, WSBA #30770          ☒ E-Filed via CM/ECF
Civil Rights Justice Center, PLLC     ☐ E-Mailed:
2150 N. 107th Street, Suite 520       ☐ Facsimile:
Seattle, WA  98133                   ☐ U.S. Mail, 1st Class
dparker@civilrightsjusticecenter.com  ☐ Hand Delivery
*Attorney for Plaintiff Cheryl Bair*   ☐ Messenger Service

Jennifer Smitrovich                  ☒ E-Filed via CM/ECF
Emory C. Wogenstahl                  ☐ E-Mailed:
Fain Anderson VanDerhoef             ☐ Facsimile:
Rosendahl                            ☐ U.S. Mail, 1st Class
    O'Halloran Spillane, PLLC        ☐ Hand Delivery
701 fifth Avenue, Suite 4750         ☐ Messenger Service
Seattle, WA  98104
jennifers@favros.com
emory@favros.com

*Attorneys for Defendant Hamadi*
*Sisawo*

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 28th day of September, 2020.


*s/Teresa Kranz*
Teresa Kranz, Legal Assistant

SNOHOMISH COUNTY DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT - 23
(C19-998-BJR)

**Snohomish County**
**Prosecuting Attorney – Civil Division**
**Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333