The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL BAIR, <br><br> Plaintiff, <br><br> vs. <br><br> SNOHOMISH COUNTY, et al., <br><br> Defendants. | Case No. 2:19-cv-00998 BJR <br><br> PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS |

## I. INTRODUCTION

Plaintiff seeks reconsideration on this Court's decision to grant summary judgment on her negligence claim against Snohomish County defendants due to its incomplete apparent understanding of the procedural history of the negligence claim. See Dkt. 122, Order Granting In Part and Denying In Part Defendant Snohomish County and Defendant Sisawo's Motions for Summary Judgment ("Order"). Despite a comprehensive countrywide search, plaintiff's counsel could find no precedent in any state or federal court supporting the application of state claim

PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS - 1
CASE NO. 2:19-CV-00998 BJR

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

statutory filing requirements to actions alleging only federal claims. The Court has also not cited to any authority supporting its decision to dismiss plaintiff's negligence claim against Snohomish County defendants, which fully complied with the state's tort claim requirements, because it was added to the lawsuit after the initial filing of the amended complaint which contained only federal claims. The Court should therefore consider the full procedural history and reconsider its decision to grant summary judgment on this claim.

## II.  ARGUMENT

### A. Legal Standard for Motions for Reconsideration

Local Civil Rule 7(h)(1) provides that "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Western District of Washington Local Civil Rule 7(h)(1). Plaintiff will show that there was a manifest error in the Court's analysis of the procedural history of her negligence claim against Snohomish County defendants and her compliance with statutory filing requirements.

### B. The Court's Erred in Stating the Facts for the Procedural History of Plaintiff's Negligence Claim Against Snohomish County Defendants

It is unclear what facts or law the Court relied on when it dismissed plaintiff's negligence claims, but the recitation of the procedural history leaves out details that were critical to any analysis of whether the Washington Tort Claim statute was complied with. When plaintiff first filed her complaint in the Snohomish County Superior Court on May 24, 2019, she did not name any individual defendants nor did she make a negligence claim against anyone. The matter was removed to federal court by defendant Snohomish County on June 26, 2019. Dkt. 1. Plaintiff then

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS -** 2
CASE NO. 2:19-CV-00998 BJR

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

filed an amended complaint on August 6, 2019. Dkt. 11. However, that amended complaint, which by law superseded the previous complaint filed in state court, listed only one individual defendant, Berlin Koefed, and did not list any state claims at all.

On July 26, 2019, plaintiff filed a tort claim against Snohomish County and all of the individually named defendants and alleged that they were negligent. Sixty days passed on September 26, 2019, at which point plaintiff's tort claim was denied as a matter of law. RCW 4.96.020(4).

On February 18, 2020, plaintiff amended her complaint again and this time added the individual defendants, Olyntia Sewell, Robert Ogawa, Taylor Jones, Jodi Martin, Hamadi Sisawo, Scott Lewis, Scott Warnken, Chicara Chesney and the County. Dkt. 28. In this complaint, which was filed 6 months after the tort claim was filed, plaintiff for the first time made an allegation of negligence. Defendants had opposed the motion for leave to amend claiming plaintiff failed to comply with the torts claim statute. Dkt. 24. The Court asked that this issue be raised with a motion to dismiss. Dkt. 27.

The defendants never moved to dismiss plaintiff's Second Amended Complaint but instead waited until the matter had been fully litigated and the three-year statute of limitations had passed for filing a new complaint and filed its motion for summary judgment based on its belief that it can require a federal court to dismiss a complaint that is proceeding only on federal claims before plaintiff can allege state claims in that lawsuit. Dkt. 64. Such a rule violates the Supremacy Clause of the Constitution. Plaintiff is allowed to maintain her federal claims while the tort claim is being decided. *See* RCW 4.96.020(4) ("No action *subject to the claim filing requirements…*shall be commenced against any local government entity…until sixty calendar days have elapsed after the

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS -** 3
Case No. 2:19-cv-00998 BJR

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

claim has first been presented to the agent of the governing body thereof…") (emphasis added). Plaintiff's federal claims were not subject to the tort claim requirement.

When laying out the facts of the procedural history in its Order (Dkt. 122), the Court left out the above-referenced historical procedural facts. Plaintiff's negligence claim was not alleged against Snohomish County defendants until after her tort claim was denied. Plaintiff therefore complied with the statutory requirements and her negligence claim against Snohomish County defendants should not be barred as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, plaintiff asks this Court to reconsider its decision to grant summary judgment on plaintiff's negligence claim against Snohomish County defendants.

### IV.  CERTIFICATE OF CONFERRAL

The parties, by and through their counsels, have met and conferred pursuant to Section II.C. of the Standing Order for Civil Cases. Snohomish County defendants did not agree to stipulate to the filing of this motion.

DATED this 8th day of February, 2021 at Seattle, Washington.

CIVIL RIGHTS JUSTICE CENTER, PLLC

*s/ Darryl Parker*_____
**Darryl Parker,** WSBA #30770
*Attorney for Plaintiff*

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS -** 4
CASE NO. 2:19-CV-00998 BJR

**CIVIL RIGHTS JUSTICE CENTER, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

**CERTIFICATE OF SERVICE**

I, Krithi Basu, under penalty of perjury under the laws of the State of Washington, declare as follows:

I am a legal assistant at the Civil Rights Justice Center, PLLC, and am over the age of 18. On the date in the manner indicated below, I caused the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS and this CERTIFICATE OF SERVICE to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of the filing to all counsel of record.

DATED this 8th day of February, 2021 at Seattle, Washington.

*s/ Krithi Basu*
**Krithi Basu,** Legal Assistant

---

PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S NEGLIGENCE CLAIM AGAINST SNOHOMISH COUNTY DEFENDANTS - 5
Case No. 2:19-cv-00998 BJR

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183