UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHERYL BAIR,                                     )      CASE NO. 2:19-cv-00998-BJR
                                                 )
                              *Plaintiff*,       )      ORDER GRANTING PLAINTIFF'S
                                                 )      MOTION FOR RECONSIDERATION;
              v.                                 )      RESERVING DECISION ON
                                                 )      DEFENDANTS' MOTION FOR STAY OF
SNOHOMISH COUNTY, *et al.*,                      )      PROCEEDINGS; AND ORDERING
                                                 )      HEARING
                              *Defendants*.      )
_____)

## I.    INTRODUCTION

Before the Court are two Motions: (1) Plaintiff's Motion for Reconsideration of her Negligence claim against the Snohomish County Defendants, Dkt. No. 123 ("Mot. for Recons."); and (2) Defendants' Motion for Stay of Proceedings pursuant to the Servicemembers Civil Relief Act, Dkt. No. 125 ("Mot. to Stay").  Having reviewed the Motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant Plaintiff's Motion but reserve judgment on Defendants' Motion.  The reasoning for the Court's decision follows.

## II.    BACKGROUND

The Court recently issued an Order on Cross-Motions for Summary Judgment which dismissed some of Plaintiff's claims, while finding others survived, and should proceed to trial.

1

1
2
3
4
5
6
7
8
9
10

*See* Order Granting in Part and Den. in Part Def. Snohomish County and Def. Sisawo's Mots. for Summ. J.; Den. Pl.'s Mots. for Partial Summ. J.; Holding in Abeyance Def. Sisawo's Mot. to Exclude; and Ordering Proposed Case Schedule, Dkt. No. 122 ("Feb. 2 Order").  The Court will not reiterate the facts of the case, except to state that Plaintiff alleges she was assaulted by corrections officers at the Snohomish County Jail and her injuries left untreated for two days by the officers and a contract nurse before being released, uncharged, after an alleged DUI accident. *See* Feb. 2 Order at 2–7.  She brought suit against the County, the individual Snohomish Defendants,[1] and the contract nurse advancing both constitutional and state causes of action.  *See* Second. Am. Compl., Dkt. No. 28 ¶¶ 31–74.

11
12
13
14
15
16
17

As relevant to the Motion for Reconsideration, the Court granted dismissal of Plaintiff's Negligence claim against the County and the Snohomish Defendants on the grounds that Plaintiff failed to file a Claim for Damages Form with the County 60 days prior to instituting her lawsuit, as required by Revised Code of Washington Section 4.96.010.  *See* Feb. 2 Order at 24–26.  After the Court issued its Order, Plaintiff filed the now pending Motion for Reconsideration alleging the Court dismissed her Negligence claim in error.  *See generally* Mot. for Recons., Dkt. No. 123.

18
19
20
21
22
23

Additionally, the Court's Order required the Parties to propose a new case schedule, including a date for trial.  *See* Feb. 2 Order at 27–28.  The County and the Snohomish Defendants now seek a stay of proceedings for one year as one of the individual defendants, Defendant Scott Lewis, will be on active military duty from March 1, 2021 to April 2022.  *See generally* Mot. to

24
25

---

[1] The Court here adopts the terminology used in its previous order.  *See* Feb. 2 Order at 1.

2

Stay, Dkt. No. 133.

### III.    MOTION FOR RECONSIDERATION

#### A.  Legal Standard

"Motions for Reconsideration are disfavored," Local Rules W.D. Wash. LCR 7(h)(1), and "discouraged," Standing Order for All Civil Cases, Dkt. No. 9 at II.G ("Standing Order"). Reconsideration is only appropriate where a movant can show (1) "manifest error" or (2) "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."  LCR 7(h)(1); *see also Doe v. Trump*, 284 F. Supp. 3d 1182, 1184 (W.D. Wash. 2018).

#### B.  Discussion

Washington's claim filing statute requires claimants to file a Claim for Damages Form prior to initiating action against a municipal entity or its employees.  Wash. Rev. Code § 4.96.010(1) ("Filing a claim for damages within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages.").  After filing a claim for damages, a prospective plaintiff must wait sixty days before commencing suit in court.  Wash. Rev. Code § 4.96.020(4) ("No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof.").

The purpose of this requirement is to provide state and county officials sufficient time to investigate, and potentially settle, claims against the municipal entity prior to litigation.  *See*

3

*Renner v. Cty. of Marysville*, 230 P.3d 569, 571 (Wash. 2010) (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton Cty.*, 53 P.3d 993, 997 (Wash. 2002)) ("The purpose of this claim is 'to allow government entities time to investigate, evaluate, and settle claims' before they are sued."); *See also, e.g.*, *Rumburg v. Ferry Cty. Pub. Util. Dist. #1*, 405 P.3d 1007, 1009 (Wash. Ct. App. 2017); *Lee v. Metro Parks Tacoma*, 335 P.3d 1014, 1016–17 (Wash. Ct. App. 2014); *Woods v. Bailet*, 67 P.3d 511, 514 (Wash. Ct. App. 2003).  The claim filing waiting period, however, is to be "liberally construed" so that "substantial compliance will be deemed satisfactory."  WASH. REV. CODE § 4.96.020(5).  "Substantial compliance" is achieved where "the 'statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.'"  *Lee*, 335 P.3d at 1017 (quoting *Banner Realty, Inc. v. Dep't of Revenue*, 738 P.2d 279, 281 (Wash. Ct. App. 1987)).

It is clear Plaintiff failed to initial comply with the requirement to submit a Claim for Damages Form before commencing suit.  Plaintiff first filed suit against Snohomish County and several unnamed defendants in Snohomish County Superior Court on May 24, 2019 advancing two federal constitutional claims and the state common law claims of Assault and Battery.  Notice of Removal, Ex. 2, Dkt. No. 1-2 (Complaint).  The matter was then removed to this Court on June 26, 2019.  Notice of Removal, Dkt. No. 1.  On July 29, 2019, after the case reached federal court, Plaintiff filed her Claim for Damages Form with the County.  Decl. of Katharine Bosch, Ex. L, Dkt. No. 65 at 173–78 (Claim for Damages Form).  On August 6, 2019, she filed an Amended Complaint against the County and the unnamed defendants which added federal *Monell* and disability discrimination claims, but omitted her previous state law claims.  Am. Compl., Dkt. No. 11.  Finally, on February 19, 2020, Plaintiff filed her operative Second Amended Complaint, which named the individual Snohomish Defendants, added a federal Equal Protections claim, and added

4

a state common law claim for Negligence.  Second Am. Compl., Dkt. No. 28.

Based on this course of proceedings, Plaintiff did the very thing the statute prohibits: file suit based on state law claims seeking damages before putting the County on notice.  Having done so, she took action to cure her initial failure, that is, after removal she dropped her state law claims, filed her Claim for Damages Form, and then after waiting more than 60 days amended her complaint to replead her state law claims.  Given that the County has had the requisite notice and time to investigate and settle her claims, the Court, upon further consideration, finds that Plaintiff substantially complied with the terms of Section 4.96.020.  Reaching this conclusion comports with the Washington Legislature's 2009 amendment of the claim filing statute, which allows for substantial compliance with the statute's requirements rather than a stricter interpretation.  *See Lee*, 335 P.3d at 1016–17 (discussing 2009 amendment and substantial compliance standard); *see also Quinn v. City of Vancouver*, No. 17-cv-5969, 2019 WL 3944390, at *3–*4 (W.D. Wash. Aug. 21, 2019) (permitting a plaintiff seeking to add new state law claim to file Claim for Damages Form, wait 60 days, then amend complaint to include properly exhausted claim).

## IV.    MOTION FOR STAY OF PROCEEDINGS

### A.  Legal Standard

Under the Servicemembers Civil Relief Act ("SCRA"), "[a]t any stage before final judgment in a civil action or proceeding in which a [qualifying] servicemember . . . is a party, the court . . . shall, upon application by the servicemember, stay the action for a period of not less than 90 days."  50 U.S.C. § 3932(b)(1).  Qualifying servicemembers include those on active military service.  *Id.* § 3932(a)(1).  A motion for a stay must be accompanied by two letters: (1) from the servicemember stating the "manner in which current military duty requirements materially affect

[their] ability to appear" and (2) from the servicemember's superior officer stating that the servicemember's duty "prevents appearance and that military leave is not authorized for the servicemember[.]" *Id.* § 3932(b)(2); *see also Jones v. Bernardino,* No. 19-cv-4443, 2020 WL 5991626, at *1–*2 (C.D. Cal. Apr. 8, 2020).

The purpose of the SCRA is to provide for the "temporary suspension of judicial . . . proceedings . . . that may adversely affect the civil rights of servicemembers during their military service." *Id.* § 3902(2).  The Supreme Court has instructed that the SCRA "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 565 (1943); *see also Brewster v. Sun Trust Mortg., Inc.*, 742 F.3d 876, 878 (9th Cir. 2014).

Further, the SCRA provides that, where the servicemember is one among several co-defendants, "the plaintiff may proceed against those other defendants with the approval of the court."  50 U.S.C. § 3935(b).  The choice to proceed without a servicemember is left to the discretion of the Court and the Court considers "whether allowing the case to proceed will prejudice either the absent servicemember or the remaining defendants."  *Jones*, 2020 WL 5991626, at *2 (quoting *Johnson v. Cty. of Philadelphia*, No. 07-cv-2966, 2007 WL 3342413, at *3 (E.D. Pa. Nov. 6, 2007)).

**B. Discussion**

According to Defendants, Defendant Lewis will be on active military duty between March 1, 2021 and March or April of 2022 in Poland.  Mot. to Stay at 1; Decl. of Scott Lewis, Dkt. No. 126 ¶ 2.  Additionally, Defendant Lewis has presented a letter from his commanding officer stating that "it is unlikely the SFC Lewis will be allowed leave due to Covid-19 restrictions and mission

6

requirements." Decl. of Scott Lewis, Ex. A, Dkt. No. 116 at 6. As such, Defendants seek a stay of all proceedings against all defendants until he returns.

The Court requires additional information about the feasibility of procuring Defendant Lewis' presence remotely and/or proceeding in his absence. The Court, therefore, will set a hearing to discuss these issues and whether a compromise can be reached.

### V.    CONCLUSION

Based on the foregoing, the Court hereby GRANTS Plaintiff's Motion for Reconsideration, RESERVES decision of Defendants' Motion for Stay of Proceedings, and ORDERS as follows:

(1) A video-teleconference hearing is set for Friday, April 2, 2021 at 10:00am Pacific time. Details for accessing the video-teleconferencing system will be distributed at a later date. The Parties should come prepared to discuss any accommodations which can be made to procure Defendant Lewis' presence, including by videoconference, and the feasibility of proceeding to trial without him.

DATED this 16th day of March, 2021.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE